**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4396

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER CONLEY, f/k/a Chris Conley,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, District Judge. (1:18-cr-00047-TSK-MJA-14)

Submitted: January 10, 2022                     Decided: January 20, 2022

Before GREGORY, Chief Judge, and KING and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Charles T. Berry, Kingmont, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Conley appeals his conviction and 14-month sentence imposed following his guilty plea to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). Conley's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether: (1) Conley's trial counsel rendered ineffective assistance; (2) the Government committed prosecutorial misconduct; and (3) the district court imposed an unreasonable sentence. Conley was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. We affirm Conley's conviction, vacate his sentence, and remand for resentencing.[1]

Counsel first questions whether Conley's trial counsel rendered ineffective assistance by advising him to accept a plea agreement with nonbinding sentencing stipulations and failing to negotiate a sentencing agreement that would be binding on the district court. Generally, to succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*,

---

[1] We previously held this case in abeyance pending our decision in No. 18-4831, *United States v. Sitton*, which we anticipated would provide further guidance on the impact of the Supreme Court's intervening decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), on Conley's guilty plea. We recently decided *Sitton* without addressing *Rehaif*. *See United States v. Sitton*, No. 18-4831, __F.3d__, 2022 WL 53827, at *1 (4th Cir. Jan. 6, 2022). Nevertheless, in light of *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), and *United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021), our review of the record reveals no nonfrivolous *Rehaif* challenge to Conley's conviction.

2

466 U.S. 668, 687 (1984); *see Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (discussing prejudice in guilty plea context). However, this Court does not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because no conclusive evidence of counsel's ineffectiveness appears on the face of the record before us, we conclude that the "claim should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Id.* at 508.

Counsel next questions whether the Government committed prosecutorial misconduct by failing to advocate at sentencing for: (1) a base offense level of 14; or (2) a sentence at the low end of the Sentencing Guidelines range. To succeed on a prosecutorial misconduct claim, Conley must demonstrate that the prosecutor's conduct was improper and that the improper conduct prejudicially affected Conley's substantial rights. *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010). The relevant inquiry is whether "the [G]overnment's improper conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Chavez*, 894 F.3d 593, 602 (4th Cir. 2018) (internal quotation marks omitted). Because Conley did not object to the purported misconduct in the district court, we review for plain error. *United States v. Woods*, 710 F.3d 195, 202 (4th Cir. 2013); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Our review of the record demonstrates that the Government's sentencing argument, although minimal, complied with its express obligations under the plea agreement. *See United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017) ("[I]n enforcing plea agreements,

3

the [G]overnment is held only to those promises that it actually made to the defendant." (internal quotation marks omitted)). And, even assuming, without deciding, that the Government's statements regarding the applicable base offense level did not fulfill the letter of its obligations under the plea agreement, we conclude that Conley cannot demonstrate that any such error affected his substantial rights. *See United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010) (describing requirements for plain error in sentencing context).

Turning to Conley's sentence, we observe that, in imposing Conley's supervised release conditions, the district court included in the written judgment 19 "standard" conditions of supervision that it did not orally announce at sentencing. We have held that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). A district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference, for example, to the standard conditions recommended by the Sentencing Guidelines. *Id.* at 299. Here, however, the district court neither explicitly pronounced nor incorporated by reference the standard conditions listed in the written judgment. When the court commits such *Rogers* error,[2] the remedy is to vacate the sentence and remand for a full resentencing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

---

[2] We recognize that the district court did not have the benefit of our decision in *Rogers* at the time it sentenced Conley.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal.[3] We therefore affirm Conley's conviction, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Conley, in writing, of the right to petition the Supreme Court of the United States for further review. If Conley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Conley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[3] Because the sentence was not properly imposed, we do not address at this juncture any additional issues related to Conley's sentence. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence in light of *Rogers* error).